UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>FRANCISCO SEVERINO-PACHECO,<br>Defendant. | Criminal No. 17-087 (FAB) |

**SENTENCING MEMORANDUM**

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum seeking a 40-month sentence of imprisonment (a variance of ten months from the upper end of the applicable Guidelines range) for defendant Francisco Severino-Pacheco.

**I. RELEVANT CRIMINAL CONDUCT**

On February 10, 2017, a citizen in the Hato Rey Este Precinct, where the Manual A. Pérez Public Housing Project is located, called police to report the sound of gunshots being fired from a moving vehicle. (Dkt. No. 21 ¶ 6) Police responded; a car chase ensued; and defendant Severino-Pacheco was arrested from the passenger side of the vehicle (the driver got away). *Id*. ¶ 7. Defendant Severino-Pacheco was found with a Glock pistol that had been modified to be a machine gun, an attached high-capacity magazine that was empty, and $181 in cash. PRPD agents recovered fourteen shell casings from the area where the detonations were reported as fired. *Id*. ¶ 8. During interrogation, Severino-Pacheco admitted that he had fired the machinegun from the car. *Id*. ¶ 10. He further stated that he had purchased the gun knowing that it was fully automatic. *Id*.

1

## II. APPLICABLE LAW

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the federal sentencing guidelines advisory. The First Circuit has "encouraged district courts to follow a specifically delineated roadmap when sentencing under the now-advisory federal sentencing guidelines." *United States v. Davila-Gonzalez*, 595 F.3d 42, 46 (1st Cir. 2010). In other words, district courts

> ordinarily should begin by calculating the applicable guideline range; then determine whether or not any departures are in order; then mull the factors delineated in 18 U.S.C. § 3553(a) as well as any other relevant considerations; and finally, determine what sentence, whether within, above, or below the guideline range, appears appropriate.

*United States v. Pelletier*, 469 F.3d 194, 203 (1st Cir. 2006).

Under 18 U.S.C. § 3553(a), sentencing courts must "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing. The relevant factors a sentencing court should consider in determining an appropriate sentence are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the sentencing guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1)-(7).

**III. DISCUSSION**

Defendant's possession of a machinegun, from which he fired fourteen bullets from a car, warrants a variance from the Guidelines because the firearm offense that defendant committed is detrimental to the public (particularly to Puerto Rico's young men in urban areas) and requires heightened deterrence in Puerto Rico. *See United States v. Flores-Machicote,* 706 F.3d 16, 23 (1st Cir. 2013) (discussing scourge of gun violence in Puerto Rico). *See also* David S. Abrams, *Estimating the Deterrent Effect of Incarceration Using Sentencing Enhancements*, 4 Am. Econ. J.: Applied Econ. 32 (2012) (empirical study finding that increased sentences for gun-related offenses decrease certain gun violence). According to statistics compiled by the Puerto Rico Police Department, almost 90% of the murders committed in 2017 in Puerto Rico were caused by firearms, with the majority of the violence perpetrated on public streets or other open areas. *See* http://policia.pr.gov/informe-preliminar-de-asesinatos (last visited on July 5, 2017).

Over the past several years, Puerto Rico's rate of homicides resulting from gun violence has topped the United States and the world, outstripping Sierra Leone, Honduras and El Salvador according to statistics compiled by the United Nations. *See* http://www.washingtonpost.com/wp-srv/special/nation/gun-homicides-ownership/table/ (published on Dec. 17, 2012 based on data from the United Nations, column labeled "% of homicides by guns") (last visited on July 5, 2017). A higher percentage of people die of gun violence in Puerto Rico than in Lebanon, Mexico, or South Africa. *Id.* (column labeled "homicide by guns per 100,000 people").

According to the most recent statistics available from the FBI, Puerto Rico has the second-highest rate of murder in the United States. *See* Exhibit A (summarizing 2015 FBI statistics that indicate that Puerto Rico's murder rate of 16.8 per 100,000 inhabitants is second only to the District of Columbia and is three times the national average). *See also United States v. Narvaez-Soto*, 773

F.3d 282, 286 (1st Cir. 2014) (describing "the [district] court's reasoned determination, predicated on its experience, that the incidence of violent crime—and, particularly, gun-related violent crime—is an acute problem in Puerto Rico").

This murder rate of 16.8 per 100,000 is even higher in Puerto Rico's urban areas. Specialists from the Ponce School of Medicine, the Puerto Rico Department of Health, and the Puerto Rico Institute of Forensic Sciences estimated that the average "lifetime risk of homicide death" in parts of the metropolitan San Juan area reached as high as 1 in 19 residents between 2001 and 2010.[1] These specialists further noted that:

> Possession and use of a small firearm constitutes a common risk factor for interpersonal violence worldwide, but is of grave concern in LAC [Latin American and the Caribbean]. A comparative study of firearms-related mortality rates among youths (15-24 years of age) for a single year reported in 2002-2006 in 83 countries showed that 9 of the 10 countries with the highest rates (> 15.0 per 100,000 population) were in LAC. In the Caribbean, Puerto Rico has the highest rate of firearms-related mortality among youths, and is in fourth place overall (47.1), surpassed only by Colombia (80.5), El Salvador (78.1), and Venezuela (104.7)

*Id*. at pp. 321-22.

Notably, this gun violence affects poor, urban neighborhoods. This case is an example of that. Defendant Severino-Pacheco lives in the Manual A. Pérez Housing Project (Dkt. No. 21 at p. 2), and he fired fourteen rounds from a machinegun in the Hato Rey Este area where the housing project is located (*id*. ¶ 6). A concerned citizen from that area called the police. *Id.* If the defendant's bullets had struck anyone, they would have struck those people in his neighborhood.

---

[1] Zavala-Zegarra DE, López-Charneco M, Garcia-Rivera EJ, Concha-Eastman A, Rodriguez JF, ConteMiller M. "Geographic distribution of risk of death due to homicide in Puerto Rico, 2001–2010," *Rev Panam Salud Publica*. 2012 at p. 326) (available at
http://www.paho.org/journal/index.php?option=com_docman&view=download&category_slug=pdfs-november-2012&alias=521-geographic-distribution-of-risk-of-death-due-to-homicide-in-puerto-rico-2001-2010&Itemid=847) (last visited on July 5, 2017)

4

Defendant's use of a destructive weapon amidst this violence threatening Puerto Rico—particularly its young men on the streets of its cities—warrants a 10-month upward variance from the Guidelines. The Government is not seeking a higher sentence for reasons including the following: (1) defendant's absence of an adult criminal history, and (2) his ready acceptance of responsibility for his offense.

## IV. CONCLUSION

For the reasons stated above, the Government seeks a sentence of 40 months of imprisonment.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 7th day of July 2017.

ROSA EMILIA RODRIGUEZ VELEZ
UNITED STATES ATTORNEY

*s/ Jonathan Gottfried*
Jonathan Gottfried, U.S.D.C.-PR G02510
Assistant United States Attorney
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardon Ave.
San Juan, PR 00918

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 7, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Jonathan Gottfried*
Jonathan Gottfried
Assistant United States Attorney