# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

```
UNITED STATES OF AMERICA,          )  CASE NO. 17-CR-087 (FAB)
Plaintiff,                         )
                                   )
vs.                                )  CHANGE OF PLEA HEARING
                                   )
FRANCISCO SEVERINO-PACHECO,        )
Defendant.                         )
_____)
```

TRANSCRIPT OF CHANGE OF PLEA HEARING
HELD BEFORE THE HONORABLE JUDGE FRANCISCO A. BESOSA
SAN JUAN, PUERTO RICO
Tuesday, April 4, 2017

APPEARANCES:

For the United States:
                    JONATHAN L. GOTTFRIED, AUSA
                    United States Attorney's Office
                    Torre Chardón, Suite 1201
                    350 Carlos Chardón Street
                    San Juan, PR 00918

For the Defendant:
                    ISABELLE C. ORIA-CALAF, AFPD.
                    Federal Public Defender's Office
                    Patio Gallery Building
                    241 Franklin D. Roosevelt Ave.
                    Hato Rey, PR 00918-2441

Produced by mechanical stenography; computer-aided transcription

```
 1              (PROCEEDINGS COMMENCED AT 9:25 A.M.)

 2

 3          THE CLERK:  Criminal Case No. 17-087, United States

 4   of America versus Francisco Severino-Pacheco for Change of

 5   Plea Hearing.

 6          On behalf of the Government, Assistant United

 7   States Attorney Jonathan L. Gottfried.

 8          On behalf of the Defendant, Assistant Federal

 9   Public Defender Isabelle C. Oria-Calaf.

10          Defendant is present and assisted by the certified

11   court interpreter.

12          MR. GOTTFRIED:  Good morning, Your Honor.

13          THE COURT:  Good morning.

14          MS. ORIA-CALAF:  Good morning, Your Honor.

15          THE COURT:  Good morning, Ms. Oria.

16          Would you please put Mr. Severino under oath.

17          THE CLERK:  Yes, Your Honor.

18

19                  FRANCISCO SEVERINO-PACHECO,

20                  after having been first duly

21              sworn or affirmed upon oath, was examined

22                    and testified as follows:

23

24          THE COURT:  Ms. Oria, this is a straight plea;

25   correct?
```

1        MS. ORIA-CALAF:  It is, Your Honor.

2        THE COURT:  Mr. Severino, before I accept your

3   petition to enter a plea of guilty, I have to determine that

4   you are competent to make your plea and that your petition is

5   completely voluntary.

6        Do you understand that?

7        DEFENDANT SEVERINO-PACHECO:  Yes.

8        THE COURT:  Mr. Severino, do you understand that

9   you are now under oath?

10       DEFENDANT SEVERINO-PACHECO:  Yes.

11       THE COURT:  If you answer any of my questions

12  falsely, your answers may later be used against you in a

13  prosecution for perjury or for making a false statement.

14       Do you understand that?

15       DEFENDANT SEVERINO-PACHECO:  Yes.

16       THE COURT:  Mr. Severino, would you please state

17  your full name.

18       DEFENDANT SEVERINO-PACHECO:  Francisco

19  Severino-Pacheco.

20       THE COURT:  And how old are you, sir?

21       DEFENDANT SEVERINO-PACHECO:  Twenty-nine.

22       THE COURT:  And how far did you go in school?

23       DEFENDANT SEVERINO-PACHECO:  Completed the twelfth

24  grade.

25       THE COURT:  So you graduated from high school?

1              DEFENDANT SEVERINO-PACHECO:  Yes.

2              THE COURT:  Have you been treated recently for any

3     type of mental illness?

4              DEFENDANT SEVERINO-PACHECO:  No.

5              THE COURT:  Have you been treed recently for

6     addiction to any type of narcotic drug?

7              DEFENDANT SEVERINO-PACHECO:  No.

8              THE COURT:  Are you currently under the influence

9     of any type of narcotic drug?

10             DEFENDANT SEVERINO-PACHECO:  No.

11             THE COURT:  Are you currently taking any type of

12    medication?

13             DEFENDANT SEVERINO-PACHECO:  No.

14             THE COURT:  Are you currently under the influence

15    or have you drunk any alcoholic beverage within the last

16    24 hours?

17             DEFENDANT SEVERINO-PACHECO:  No.

18             THE COURT:  Mr. Severino, what is it that you want

19    to do this morning here in court?

20             DEFENDANT SEVERINO-PACHECO:  Plead guilty.

21             THE COURT:  Ms. Oria, do you have any doubts as to

22    Mr. Severino's competence to plead?

23             MS. ORIA-CALAF:  No, Your Honor.

24             THE COURT:  Mr. Gottfried, do you have any doubts?

25             MR. GOTTFRIED:  No, Your Honor.

THE COURT:  Based on his answers to my questions and his appropriate demeanor, I find Defendant Francisco Severino-Pacheco to be competent to enter his plea of guilty.

Mr. Severino, did you receive a copy of the indictment that's pending against you?

DEFENDANT SEVERINO-PACHECO:  Yes.

THE COURT:  Did you discuss the charge in the indictment with your attorney, with Ms. Oria?

DEFENDANT SEVERINO-PACHECO:  Yes.

THE COURT:  Did you discuss your decision to plead guilty with Ms. Oria?

DEFENDANT SEVERINO-PACHECO:  Yes.

THE COURT:  Are you fully satisfied with the counsel, representation, and advice given to you by Ms. Oria?

DEFENDANT SEVERINO-PACHECO:  Yes.

THE COURT:  Mr. Severino, when you were arrested and you were first brought to this court, you appeared before another judge, and at that time you pled not guilty to the charges.

Do you remember that?

DEFENDANT SEVERINO-PACHECO:  Yes.

THE COURT:  Do you understand that you have a right to maintain that plea of not guilty if you wanted to?

DEFENDANT SEVERINO-PACHECO:  Yes.

THE COURT:  Do you understand that if you were to

1   maintain a plea of not guilty, you would then have the right

2   to a trial by jury?

3           DEFENDANT SEVERINO-PACHECO:  Yes.

4           THE COURT:  Do you understand that at the trial you

5   would be presumed to be innocent?

6           DEFENDANT SEVERINO-PACHECO:  Yes.

7           THE COURT:  Do you understand that it's the

8   Government that has to prove that you are guilty with

9   competent evidence and beyond a reasonable doubt?

10          DEFENDANT SEVERINO-PACHECO:  Yes.

11          THE COURT:  Do you understand that at the trial

12  your attorney would be with you at all times to help you with

13  your defense?

14          DEFENDANT SEVERINO-PACHECO:  Yes.

15          THE COURT:  And that you also would have the right

16  to see every witness that would come to the trial to testify

17  and listen to every witness' testimony.

18          Do you understand that?

19          DEFENDANT SEVERINO-PACHECO:  Yes.

20          THE COURT:  And that you also would have the right

21  to have those witnesses cross-examined as part of your

22  defense.

23          Do you understand that?

24          DEFENDANT SEVERINO-PACHECO:  Yes.

25          THE COURT:  And that you also would have the right

not to testify at the trial, or even present any evidence,

unless you voluntarily would want to do so as part of your

defense.

Do you understand that?

DEFENDANT SEVERINO-PACHECO: Yes.

THE COURT: And that you also would have the right

to have witnesses come to the trial to testify on your behalf

as part of your defense, if necessary, by Court order.

Do you understand that?

DEFENDANT SEVERINO-PACHECO: Yes.

THE COURT: Do you understand that if you were to

decide not to testify at the trial, or even present any

evidence, that cannot be used against you?

DEFENDANT SEVERINO-PACHECO: Yes.

THE COURT: Do you understand that by entering a

plea of guilty, if I accept your plea, there will not be a

trial?

DEFENDANT SEVERINO-PACHECO: Yes.

THE COURT: Do you understand that you will have

waived or given up your right to a trial and those other

rights that are associated with the trial that I just

mentioned to you?

DEFENDANT SEVERINO-PACHECO: Yes.

THE COURT: Do you understand that by entering a

plea of guilty, you also waive or give up your right not to

1   incriminate yourself?

2           DEFENDANT SEVERINO-PACHECO:  Yes.

3           THE COURT:  And the reason for that waiver is that

4   I have to ask you questions about what you did in order for

5   me to be satisfied that you are guilty.

6           Do you understand that?

7           DEFENDANT SEVERINO-PACHECO:  Yes.

8           THE COURT:  Do you understand that you will have to

9   acknowledge your guilt?

10          DEFENDANT SEVERINO-PACHECO:  Yes.

11          THE COURT:  Do you understand that the offense to

12  which you want to plead guilty, Count One of the indictment,

13  illegal possession of a machine gun, is a felony offense?

14          DEFENDANT SEVERINO-PACHECO:  Yes.

15          THE COURT:  Do you understand that if I accept your

16  plea, you will be adjudged guilty of that felony offense?

17          DEFENDANT SEVERINO-PACHECO:  Yes.

18          THE COURT:  Do you understand that that

19  adjudication of guilt may deprive you of some rights?

20          For example, you won't able to hold public office;

21  you won't be able to serve on a jury; you won't be able to

22  possess any kind of firearm; and if you move somewhere in the

23  United States that is not Puerto Rico, you may even lose your

24  right to vote.

25          Do you understand that?

1          DEFENDANT SEVERINO-PACHECO:  Yes.

2          THE COURT:  Mr. Severino, you are charged in the

3     only count of the indictment of illegal possession of a

4     machine gun in that, on or about February 10, 2017, here in

5     Puerto Rico, you knowingly and possessed a machine gun, which

6     was a Glock firearm, .357 caliber, Model 31, serial number

7     DRF351US, that had been modified to shoot automatically more

8     that one shot without manual reloading by a single function

9     of the trigger.

10          Mr. Severino, is that what you did?

11          DEFENDANT SEVERINO-PACHECO:  Yes.

12          THE COURT:  Is that what you are pleading guilty

13     to?

14          DEFENDANT SEVERINO-PACHECO:  Yes.

15          THE COURT:  Mr. Gottfried, would you please inform

16     the Court and the Defendant what the maximum and minimum

17     punishment that the law provides for the offense to which he

18     wants to plead guilty.

19          MR. GOTTFRIED:  The maximum statutory penalty is a

20     term of imprisonment of ten years -- there is no statutory

21     minimum term of imprisonment -- a fine not to exceed

22     $250,000, a supervised release term of not more than three

23     years.  In addition, there is a special monetary assessment

24     of $100.

25          THE COURT:  Ms. Oria, do you agree with that?

1          MS. ORIA-CALAF:  Yes, Your Honor.

2          THE COURT:  Have you discussed and explained the

3    terms of supervised release to Mr. Severino?

4          MS. ORIA-CALAF:  Yes, Your Honor.

5          THE COURT:  Mr. Severino, on the date that you are

6    sentenced, I will also impose upon you a term of supervised

7    release.  In your case, it cannot be more than three years.

8          During that term, you will be under the supervision

9    of a probation officer, and that term will commence when you

10   are released from prison.

11         If you violate any of the conditions that I impose

12   upon you, the probation officer is going to tell me, and at

13   that time we will have a hearing here in court.  And

14   depending on what happens at the hearing, I can revoke your

15   supervised release term and send you back to prison.

16         Do you understand that?

17         DEFENDANT SEVERINO-PACHECO:  Yes.

18         THE COURT:  Do you understand all those serious

19   possible consequences of your plea of guilty?

20         DEFENDANT SEVERINO-PACHECO:  Yes.

21         THE COURT:  Do you understand that sentencing

22   within the sentencing guidelines is a matter for the Court to

23   decide?

24         DEFENDANT SEVERINO-PACHECO:  Yes.

25         THE COURT:  Have you and Ms. Oria talked about how

1    the sentencing guidelines might apply to your case?

2              DEFENDANT SEVERINO-PACHECO:  Yes.

3              THE COURT:  Do you understand that I won't be able

4    to determine what the guideline sentence for your case will

5    be until after I receive a completed pre-sentence

6    investigation report prepared by the probation officer?

7              DEFENDANT SEVERINO-PACHECO:  Yes.

8              THE COURT:  Do you understand that the sentence

9    that I may impose upon you may be different from whatever

10   recommendation is given by the probation officer, or whatever

11   recommendation is given by Ms. Oria, or whatever

12   recommendation is given by the Government?

13             Do you understand that?

14             DEFENDANT SEVERINO-PACHECO:  Yes.

15             THE COURT:  Do you understand that your sentence

16   may be affected by your criminal history?

17             DEFENDANT SEVERINO-PACHECO:  Yes.

18             THE COURT:  Do you understand that even after your

19   sentencing guideline range has been determined, I can in some

20   circumstances depart from those guidelines and impose a

21   sentence on you that is either more severe or less severe

22   than the sentence called for by the guidelines?

23             Do you understand that?

24             DEFENDANT SEVERINO-PACHECO:  Yes.

25             THE COURT:  Do you understand that there is no

1  parole in the Federal system?

2           DEFENDANT SEVERINO-PACHECO:  Yes.

3           THE COURT:  If you are sentenced to prison, you

4  will not be released on parole.

5           Do you understand that?

6           DEFENDANT SEVERINO-PACHECO:  Yes.

7           THE COURT:  Do you understand that I can reject

8  whatever sentencing recommendation is made by your attorney

9  or by the Government without permitting you to withdraw your

10 plea of guilty?

11          DEFENDANT SEVERINO-PACHECO:  Yes.

12          THE COURT:  Mr. Severino, are you pleading guilty

13 because someone forced you to change your plea?

14          DEFENDANT SEVERINO-PACHECO:  No.

15          THE COURT:  Is your plea a completely voluntary one

16 made on your own behalf?

17          DEFENDANT SEVERINO-PACHECO:  Yes.

18          THE COURT:  Mr. Gottfried, has the Government

19 provided full and complete discovery to Ms. Oria?

20          MR. GOTTFRIED:  Yes, Your Honor.

21          THE COURT:  Would you please give a brief

22 explanation of the theory to be presented to prove

23 Mr. Severino guilty if a trial were to be held.

24          MR. GOTTFRIED:  On February 10th, 2017, the Puerto

25 Rico Police Department received a called from a citizen to

1    report that she heard a speeding vehicle and the sound of

2    gunshots from a machine gun close to the fire department

3    located near Cecilia Street in San Juan.

4           PRPD agents in the parking lot of the Hato Rey East

5    Precinct also heard the detonation.

6           PRPD agents pursued the vehicle without losing

7    sight of it.  And after a vehicle chase, PRPD agents stopped

8    the vehicle.

9           The passenger in the vehicle was the Defendant,

10   Francisco Severino-Pacheco.

11          PRPD agents conducted a safety frisk of the

12   Defendant and discovered a fully automatic Glock .357 caliber

13   firearm, Model 31, bearing serial number DRF351US, hidden in

14   Defendant's groin area with an empty high capacity Glock

15   magazine in the firearm.

16          PRPD agents secured the firearm, and the Defendant

17   was placed under arrest.

18          Later, the Defendant waived his Miranda rights and

19   told agents from the Department of Homeland Security that he

20   had purchased the gun for approximately $1,600 around five

21   years ago knowing that the gun was fully automatic.

22          He further stated that the firearm had been made

23   fully automatic through welding as opposed to through the use

24   of a chip.

25          At trial, the United States would have proven

1  beyond a reasonable doubt that Defendant is guilty as charged

2  in Count One of the indictment.  This would have been proven

3  through physical and documentary evidence, including but not

4  limited to live testimony of PRPD agents, Defendant's

5  confession, recordings of the gunshots, evidence recovered at

6  the scene, including the firearm and shell casings, expert

7  witnesses, and other physical evidence.

8          THE COURT:  Mr. Severino, do you agree with the

9  Government's version that you just heard?

10         DEFENDANT SEVERINO-PACHECO:  Yes.

11         THE COURT:  Is that what you did?

12         DEFENDANT SEVERINO-PACHECO:  Yes.

13         THE COURT:  Do you still want to plead guilty?

14         DEFENDANT SEVERINO-PACHECO:  Yes.

15         THE COURT:  Mr. Severino, how do you plead to the

16  charges before the Court?  Guilty or not guilty?

17         DEFENDANT SEVERINO-PACHECO:  Guilty.

18         THE COURT:  It's the finding of the Court in the

19  case of the United States versus Francisco Severino-Pacheco

20  that Mr. Severino is fully competent and capable of entering

21  an informed plea, that he is aware of the nature of the

22  charge and the consequences of his plea, and that his plea of

23  guilty is a knowing and voluntary one, supported by an

24  independent basis in fact containing each of the essential

25  elements of the offense.

1          Mr. Severino's plea is, therefore, accepted, and he

2     is now adjudged guilty of that offense.

3          The Court orders a pre-sentence investigation

4     report to be prepared by the probation officer to assist the

5     Court in sentencing.

6          Mr. Severino, it's very important that you

7     cooperate with the probation officer when he or she is

8     preparing this report.  Ms. Oria may accompany you during and

9     help you with your participation with the probation officer

10    who is assigned to your case.

11         Do you understand that?

12         DEFENDANT SEVERINO-PACHECO:  Yes.

13         THE COURT:  May I have a sentencing date, please.

14         THE CLERK:  July 12, 2017, at 9:00 a.m.

15         THE COURT:  Sentencing on July 12, 2017, at

16    9 o'clock in the morning.

17         Is there anything else?

18         MS. ORIA-CALAF:  No, Your Honor.

19         THE COURT:  Mr. Gottfried?

20         MR. GOTTFRIED:  Nothing from the Government.

21         MS. ORIA-CALAF:  Permission to withdraw.

22         THE COURT:  You are excused.

23

24         (PROCEEDINGS ADJOURNED AT 9:40 A.M.)

25

REPORTER'S CERTIFICATE


I, JOE REYNOSA, Official Court Reporter for the
United States District Court for the District of Puerto Rico,
appointed pursuant to the provisions of Title 28, United
States Code, Section 753, do hereby certify that the
foregoing is a true and correct computer-aided transcript of
proceedings had in the within-entitled and numbered cause on
the date herein set forth; and I do further certify that the
foregoing transcript has been prepared by me or under my
direction.




                         S/Joe Reynosa
             _____

                         **JOE REYNOSA, CSR, RPR**
                         United States Court Reporter
                         Federico Degetau Federal
                         Building, Room 150
                         150 Carlos Chardón Street
                         San Juan, Puerto Rico 00918-176
                         (787) 772-3000